UNITED STATES DISTRICT COURT

SOUTHERN DISCTRICT OF TEXAS

Theresa Atwater,                          )
                                          )
        Plaintiff,                        )
                                          )
Vs.                                       )
                                          )
Xerox,                                    )        CIVIL ACTION _____
Xerox Business Services, LLC,             )
        Defendant.                        )

## Complaint

Plaintiff Theresa Atwater contends under the Age Discrimination in Employment Act (ADEA) and for retaliation. The (ADEA), protects certain applicants and employees 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation , or terms of conditions or priviledges of employment section 623 employers practice it shall be unlawful for an employer:

1. To fail or refuse to hire or <u>discharge</u> any individual or otherwise discriminate against any individual with respect to his compensation terms condition or privileges of employment because of such individuals age.

2. To limit segregate or <u>classify</u> his employees in any way which would <u>deprive</u> or tend to deprive any individual of employment or opportunities or otherwise adversely affect his or her status as a employee because of the person's age shall be unlawful. <u>Bobby Dean Michael vs. Staples</u> 2012 for harassment and insults.

- Plaintiff was retaliated against for opposing a hostile work environment, The U.S. Supreme Court Case of Thompson v. North-American Stainless, LP (January 24, 2011) set a precedent that an employee may legitimately claim retaliation under Title VII on the bases of discrimination, and or retaliation. Hawaii healthcare Professionals terminated based on age, Advance Components referred to ageist comments, 3M Company layoff termination of employees over 45 or higher and were denying older employees leadership positions. Plaintiff made a complaint with the Texas Workforce Third Party onsite and senior management regarding hostile work environment that she had to endure while working under supervisor Randy Smith of Xerox, Plaintiff believes that she was discriminated against because of her age and Plaintiff was retaliated against and harassed by supervisor which created a hostile work environment for plaintiff because she made a complaint with the Texas Workforce and senior management and nothing was done. Harassment is illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision. The harasser can be the victim's supervisor in this case supervisor Randy Smith of Xerox , a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer. U.S. Equal Employment Opportunity Commission (EEOC) and Marion Shaub of Wrightstown, Pa., in this lawsuit against Memphis, Tenn.-based shipping giant Federal Express Corporation were sued for violations of Title VII of the 1964 Civil Rights Act and the intentional infliction of emotional distress to Ms. Shaub. The Plaintiff in this case is thereby

exercising her right to suit and is filing this complaint against Xerox for retaliation and discrimination due to age.

## Statement of Claim

I was employed as a Technical Support Customer Service Representative, I experienced a difference in treatment due to my age (59), When I complained of the behavior, plaintiff was wrongfully terminated on April 5, 2016.

## Facts

- Facts – October 2015 (apprx), plaintiff began to be supervised by Xerox supervisor Randy Smith (light skin) (age approx 24 years old ) as a Technical support customer service agent, he expressed a disrespectful (discriminatory) behavior towards plaintiff, demeaning and belittling plaintiff in public. Mr. Smith would yell and humiliate plaintiff. Mr. Smith would sarcastically question my <u>memory</u> repeatedly (insulting). I confronted the supervisor about his hostility, asking him to calm down but he continued to behave in this manner. Mr. Smith did not treat the other younger employees this way.

## Offensive Remarks

- Oct 2015 thru March 2016 At each team meeting plaintiff ask supervisor in front of team repeatedly to address her by calling her by her first name Terri by calling her Ms. Theresa made her feel uncomfortable and old, supervisor stated that he did that because I was older then the team it made plaintiff (African American) felt that she was singled out and was being disrespectful(discriminatory) and offensive.

- February thru April 2016 supervisor would have coaching sessions with younger team members with no hostility such as with my coworker Nelson younger (white) in which plaintiff observed.

- November 2015 thru Match 2016 supervisor have special privileges
- To younger team members to allow them to not give advance notice for paid time off he would allow his younger employees to call in sick supervisor would them use their pto leave(paid time off) so they could get paid because there was no sick leave pay.
- However plaintiff always gave advance notice to use her paid time off (younger team received preferential treatment)
- March 2016 - Supervisor brought 2 New younger employees on the team prior to termination plaintiff (older employee)

There were no prior written corrective actions or complaints on plaintiff from October 2015 thru March 2016 plaintiff was one of the top sales agent on her team And always met her quality goals each month.

March 2016 Plaintiff's supervisor gave erroneous instructions on handling calls and Plaintiff followed supervisors request and then was reprimanded by management plaintiff question supervisor integrity.

Retaliation Harassment

- March 11, 2016, plaintiff complained to Texas Workforce 3rd party protection on site regarding hostile work environment under my current supervisor and they
- Told plaintiff that she did not have to deal with that and to speak to Mr. Randy Smith Supervisor, plaintiff then provided a written complaint to executive management

and gave a written request to transfer (exhibit) from supervisors team to another team to Jennifer Dural, Sr. Manager of Xerox and asked for a transfer to a different supervisor, she denied my transfer, Thereafter, Mr. Smith behavior worsened; he became more vindictive.

- March 15, 2016, I was written up due to how a call was handled.

- April 5, 2016, I was accused of not calling a customer back. Management refused to consider my argument in a meeting

- April 5, 2016 plaintiff contacted the Texas Workforce and told them she was not

- Feeling good and would have to leave for the day they stated ok.

- April 6, 2016 Plaintiff was told that she was terminated

The Supreme Court in *Price Waterhouse v. Hopkins* establishes how to analyze an employer's actions when the employer has mixed motivations for the employment decision, *i.e.*, the employer was motivated by a legitimate reason *and* also by an unlawful reason such as unlawful bias. The Court holds that if a plaintiff shows that discrimination played a motivating part in an employment decision, the employer can attempt to prove, as a complete affirmative defense, that it would have made the same employment decision even if discrimination were not a factor. and not hide under the defense of not stating a claim thereby exempting themselves from abiding by federal law to prove themselves innocent.

A unanimous Supreme Court in *Robinson v. Shell Oil,* adopts EEOC's position (advanced as *amicus curiae*) that the Title VII prohibition against retaliation protects former as well as current employees.

Management are to perform their official duties in a lawful, professional, ethical manner befitting the state and the agency ie Texas Workforce , maintaining the public trust, integrity and making certain that business is conducted in an honest and ethical manner. This Ethics Policy does not Supersede any applicable Federal or Texas law or administrative rule Plaintiff is hereby filing this Lawsuit against the above defendant Xerox for the following violations:

Ethic Code - Violation

1.11.6 Standards of Conduct-

Employees or managers are expected to:
serve the public with respect, concern and courtesy, conducting themselves in a
manner that will enhance the employees confidence in the agency and its staff;
be courteous, fair, and impartial in all of their interactions with coworkers, customers,
and the public, conducting business with competence, fairness, impartiality, efficiency,
and effectiveness; project a professional, business like image;
value cultural and individual differences and exhibit positive, nondiscriminatory behavior
toward coworkers, customers, and the public; and willingly obey the laws of the United States
and the State of Texas and the policies of following the spirit, as well as the letter of the law,
and avoiding the appearance of undue influence, impropriety, or favoritism.

Labor Code - Violation

TITLE 2. PROTECTION OF LABORERS

SUBCHAPTER A. GENERAL PROVISIONS

SUBTITLE A. TEXAS UNEMPLOYMENT COMPENSATION ACT

CHAPTER 201. UNEMPLOYMENT COMPENSATION ACT--GENERAL   PROVISIONS

Sec. 201.012.  DEFINITION OF MISCONDUCT.  (a)  "Misconduct" means

Mismanagement of a Position of Employment by:  Action or inaction, neglect that jeopardizes the life or property of another such as plaintiff  Theresa Atwater, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a Policy or rule adopted under subsection 21.055 retaliation.

Sec. 21.055. RETALIATION. An employer, labor union, or employment agency - Commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter: Sec. 21.057. INTERFERENCE WITH COMMISSION. An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or Willfully interferes with the performance of a duty or the exercise of a power under this chapter or Chapter 461, Government Code, by the commission, the commission's staff, or the Commission's representative.

Ms. Atwater plaintiff felt that she was discriminated against by the supervisor of Xerox (younger). There were no prior corrective action against Plaintiff until complaints were made against supervisor.

## Relief

Whereby, plaintiff do hereby pray for relief to be paid by defendant Xerox who caused Plaintiff emotional distress, mental anguish, slander, defamation of character, pain and suffering loss of wages, future wages, loss of commissions, future commissions, loss of medial, life and dental insurance, loss of health, loss of part time business, future business, and loss of property. Therefore plaintiff is asking for relief in the amount of 2 million (2,000,000.00) in compensatory damages and 22 million 22,000,000.00 in punitive damages.

Theresa Atwater, M.B.A. Plaintiff. - Pro Se

10070 Westpark Drive

#818

Houston, Texas 77042

281.995.9938

CERTIFICATE OF SERVICE

I do hereby serve on this  date __July 8th_____   year _2016_____ to

Xerox Corporation c/o Xerox Business Services, LLC Office of Counsel 2828 N. Haskell

Avenue B1/F9 Dallas, Texas 75204.

_____

Theresa Atwater, Plaintiff - Pro Se

10070 Westpark Drive

#818

Houston, Texas 77042

281.995.9938

EEOC Form 161-B (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (*ISSUED ON REQUEST*)

| To: Theresa Atwater<br>10070 Westpark Dr. #818<br>Houston, TX 77042 | From: Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2016-02457 | Michelle Villanueva,<br>Investigator | (713) 651-4998 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Elizabeth S. Reno*

Rayford O. Irvin,<br>District Director

JUN 16 2016

*(Date Mailed)*

Enclosures(s)

cc:   Kim Cook<br>Paralegal, Labor and Employment<br>Xerox Business Services, LLC<br>Office of the General Counsel<br>2828 N. Haskell Ave., B1/F9<br>Dallas, TX 75204

Texas Workforce Commission Civil Rights Division<br>101 East 15th St<br>Room 144T<br>Austin, TX 78778